# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **INIDCTMENT NO. 1:26-cr-012** |
| | **)** | |
| **ELYCIA VIANCCA SMITH** | **)** | |
| | **)** | |

## GOVERNMENT'S NOTICE OF INTENT
## TO OFFER PROOF OF OTHER CRIMES, WRONGS, AND ACTS

Pursuant to Fed.R.Evid. 404(b) and LR Crim. 16B(b)(2), the government hereby provides notice that it intends to offer into evidence at the trial of the Defendant other crimes, wrongs, and acts through Fed.R.Evid. 404(b) as follows:

In the Superior Court, Richmond County, Georgia, Case Number: 2016RCMC06295, *Theft by Shoplifting,* offense date: May 10, 2016 / conviction date: May 15, 2017; in the Superior Court, Richmond County, Georgia, Case Number 2024RCCR00029, *Theft By Taking*, offense date: between July 10, 2023 and August 15, 2023 / conviction date: January 26, 2024.

A copy of the sentencing packet for the 2017 and 2024 conviction, consisting of the sentence and indictment have been previously provided to the Defendant in discovery.

Further, the government also intends to offer into evidence at trial the Defendant's uncharged thefts of the Fort Gordon Post Exchange in August and September 2025. Information regarding the Defendant's additional, uncharged acts was previously provided in discovery. Specifically, this evidence includes security

1

camera footage showing the Defendant selecting fragrances as well as her own statements in which she admitted to stealing fragrances on multiple occasions. Evidence of these acts was provided in discovery and is further described throughout CID's Investigative Report.

In addition, the production to the Defendant in discovery of any other evidence of prior wrongs, crimes, or acts should be taken by the Defendant as an announcement of the government's intention to use such evidence at trial. Because opinions of the parties often differ as to whether particular evidence goes to proof of matters inextricably intertwined, predicate, or part of the transactions charged, or rather constitutes extrinsic proof of intent, motive, plan, etc., under Fed. R. Evid. 404(b), the Defendant should consider that the government intends to use all information provided in discovery to the extent any rule of evidence permits, absent an express indication to the contrary. In other words, the provision of any information by the government in discovery, to the extent that such information could be admitted at trial under the aegis of Fed. R. Evid. 404(b), should be considered notice to the Defendant of the government's intention to use such Rule 404(b) evidence. Should Defendant wish to bar the introduction in the government's case-in-chief of any evidence disclosed in discovery, a pretrial ruling should be sought *in limine*, or a stipulation obtained from the government.

## MEMORANDUM OF LAW

The Defendant is charged with one count of Theft of Government Property in violation of 18 U.S.C. § 641.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the accused to show conformity therewith. Evidence, however, which proves intent, preparation, plan, knowledge, identity, or absence of mistake or accident may be admissible in certain circumstances.

The government seeks to introduce this evidence for the purposes of proving the Defendant's plan, intent, knowledge, and absence of mistake or accident.

The three-part test to determine whether extrinsic evidence of prior bad acts is admissible under Rule 404(b) is:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Brooks, 426 F. App'x 878, 881 (11th Cir. 2011).

Extrinsic evidence is relevant to show intent if the state of mind required for the charged and extrinsic offenses is the same. United States v. Butler, 737 F. App'x 518 (11th Cir. 2018). Evidence that a defendant engaged in similar behavior in the past makes it more likely that he did so knowingly, and not because of accident or mistake, on the current occasion. United States v. Bush, 673 F. App'x 947, 950 (11th Cir. 2016) (citing United States v. Jernigan, 341 F. 3d 1273, 1281-82 (11th Cir. 2003)). The Defendant cannot claim accident or mistake here because her prior concealment and subsequent theft of retail property logically bears on her willful and knowing theft of government property. Jernigan, 341 F. 3d 1273 at 1282. Here, the Defendant

has pled not guilty, placing her intent squarely at issue. The government also expects the Defendant may present a defense refuting any intent or knowing theft of government property. Therefore, the evidence is admissible for the proper purposes of proving the Defendant's plan, intent, knowledge, and absence of mistake or accident.

There is sufficient proof of the extrinsic act if a jury could find by a preponderance of the evidence that the defendant committed the act. Butler, 737 F. App'x at 518. A conviction is not necessary, as courts have frequently admitted evidence of relevant offense conduct even when a defendant has been acquitted of or never charged in connection with that offense. United States v. Rodriguez, 713 F. App'x 815, 818 (11th Cir. 2017). Here, the government is seeking to introduce evidence of conduct that resulted in two criminal convictions of the Defendant: her 2017 Shoplifting and her 2024 Theft by Taking convictions. The government intends to introduce these certified conviction documents at trial. Likewise, the government intends to introduce evidence—including the Defendant's own statement—of the Defendant engaging in uncharged thefts of the Fort Gordon Post Exchange.

To determine whether the evidence is more probative than prejudicial, a district court must engage in a common-sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness. Butler, 737 F. App'x at 518. Here, the government submits that her 2017 conviction, her 2024 conviction, and evidence of her uncharged thefts set forth above all deal with

the Defendant's intentional and knowing thefts of retail property.  The Defendant's actions in the 2017 shoplifting conviction and all Post Exchange thefts are similar: she removed items from displays, proceeded to dressing rooms where she concealed them in a purse, and left the stores prior without paying. Her 2024 Theft By Taking conviction is also similar because she took property with the intent to deprive use of it by its owner of it.  Temporal proximity is satisfied because the uncharged Post Exchange thefts occurred in August and September 2025—the two months immediately preceding the charged offense—and has convictions of similar offenses within the past ten years. Although the government's case relies upon statements offered by the Defendant, the government believes that the Defendant may, in the event of trial, argue that she did not knowingly or willfully steal government property.  Therefore, the government submits that the need for the extrinsic evidence described above is great, and that it is more probative than prejudicial.

WHEREFORE, the government submits that the extrinsic acts described in this notice are admissible under Fed.R.Evid. 404(b).

Respectfully submitted, this 10th day of March, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Henry W. Syms, Jr.*
Henry W. Syms, Jr.
Assistant United States Attorney
Georgia Bar No. 695009

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Respectfully submitted, this 10th day of March, 2026.

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Henry W. Syms, Jr.*
Henry W. Syms, Jr.
Assistant United States Attorney
Georgia Bar No. 695009
United States Attorneys Office
Southern District of Georgia
P.O. Box 2017
Augusta, GA 30903
T: (706) 826-4536
hank.syms@usdoj.gov
